IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-150-BO

| | | |
|---|---|---|
| JASPER TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 12, 15]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on February 15, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 12] is GRANTED and defendant's motion [DE 15] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed his application on February 24, 2015, alleging disability dating back to October 22, 2013. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on November 21, 2016. The ALJ issued a decision in May 2017, finding that plaintiff was not disabled. In September 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In November 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 1]. In March 2018, plaintiff moved for judgment on the pleadings. [DE 12]. Defendant moved for judgment on the pleadings in May 2018. [DE 15].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a

disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although plaintiff was unable to perform his past relevant work activities, he was able to perform other jobs that existed in significant numbers in the national economy.

Plaintiff argues that the ALJ erred in (1) failing to give substantial weight to the 100% disability rating assigned to plaintiff by the Department of Veterans Affairs; (2) failing to account

for plaintiff's limitations in concentration, persistence, and pace in determining plaintiff's residual functional capacity; and (3) failing to assign appropriate weight to some of the medical opinion evidence. As to these first two arguments, the Court finds that the ALJ committed reversible error that requires remand.

Remand is appropriate because the ALJ failed to give adequate weight to plaintiff's Department of Veterans Affairs (VA) rating or, at a minimum, provide sufficient reason for discounting that rating. In August 2013, the VA assigned plaintiff a 100% disabled rating, effective September 2012. He currently receives disability payments from the VA. The ALJ gave "partial weight" to the VA rating, but noted that the VA's disability determination is not binding on the Social Security Administration and that the VA did not conduct a function-by-function assessment of plaintiff's capabilities before assigning him that rating. But in *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." The Fourth Circuit added that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* The ALJ did not do so here. Simply noting the difference in the standards employed by the VA and the Social Security Administration is insufficient to justify deviation under *Bird*. The fact that *Bird* rested on Social Security Ruling 06-03p, which was recently rescinded and replaced by SSR 17-2p, does nothing to undermine its holdings as to the weight assigned to VA disability ratings. Defendant also argues that the ALJ was not required to give substantial weight to the disability rating because the VA did not include the evidence relied upon in reaching the 100% rating. This alone, however, does not permit the ALJ to give a VA rating less weight than *Bird* requires. At a

minimum, the ALJ failed to give adequate reasons for discounting the VA rating, and for that reason remand is appropriate.

Additionally, remand is appropriate because the ALJ failed to properly account for plaintiff's limitations in concentration, persistence, and pace (CPP). The ALJ found at step three that plaintiff had moderate CPP limitations, but in assessing plaintiff's residual functional capacity, included only limitations for unskilled work and occasional interaction with coworkers, supervisors, and the public. The Fourth Circuit has previously found that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). The Fourth Circuit went on to say that "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Here, the ALJ's limitation of plaintiff to unskilled work was not an appropriate accommodation of his moderate limitations in CPP. The case must be remanded for further proceedings consistent with *Mascio*.

Given that the ALJ's failure under *Bird* to assign appropriate weight to plaintiff's VA rating, or at least give adequate reason for assigning the VA rating partial weight, and the ALJ's failure to properly accommodate plaintiff's CPP limitations in light of *Mascio*, there is no need to consider whether the ALJ also erred in assigning improper weight to medical opinion evidence. Plaintiff's motion for judgment on the pleadings must be granted, and the case must be remanded to the Commissioner for further proceedings. On remand, all relevant evidence must be considered in reassessing plaintiff's impairments and residual functional capacity.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 12] is GRANTED and defendant's motion [DE 15] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for further administrative proceedings.

SO ORDERED, this **23** day of February, 2019.


TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE